IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH LEONARD,

                                                  ORDER

               Plaintiff,

                                                11-cv-611-slc[1]

     v.

CLARK COUNTY JUSTICE SYSTEM,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Joseph Leonard has filed a proposed civil action, naming the "Clark County Justice System" as defendant. Plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915, and does not have the means to make an initial partial payment. Because plaintiff is proceeding in forma pauperis, I must screen his complaint and dismiss it if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has included few allegations in his complaint and those he does include are

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

vague and confusing. Plaintiff alleges that he has been investigating the Clark County Justice System for over three years and has discovered that it is corrupt. He says he is seeking "to be paid for all [his] time, expenses, over the last 3 years. Loss of livestock, milk sales, crops, feed, and everything else that goes with it." He also asks to "have everything investigated by someone [he] trust[s]."

This is not enough information to satisfy Fed. R. Civ. P. 8. Under that rule, a complaint must contain "a short and plain statement" for each claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the plaintiff must give the defendant "fair notice" of his claims and include factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Plaintiff's complaint contains so little information that I cannot determine the basis for his claims or even what his claims are. Thus, I will dismiss the complaint and give plaintiff an opportunity to file a new one that contains more information. In redrafting his complaint, plaintiff should view the exercise as telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

· What are the facts that form the basis for plaintiff's claims?

· Who are the specific defendants (the individuals or entities) that violated plaintiff's

rights?

· What did the defendants do that makes it liable for violating plaintiff's rights?

· How was plaintiff injured by defendants' conduct?

If plaintiff believes his constitutional rights were violated, he needs to specify which rights were violated and how a particular individual or entity violated them specifically. It is not enough for him to name the "Clark County Justice System," because this is not an entity that can be sued. Similarly, if plaintiff believes a defendant violated his rights under a federal statute, he needs to specify which laws are implicated by the defendant's actions.

Plaintiff may have until October 20, 2011 to file a new complaint. If he does not respond to this order by that date, the case will be closed.

ORDER

IT IS ORDERED that the complaint filed by plaintiff Joseph Leonard is DISMISSED for failure to comply with Fed. R. Civ. P. 8. He may have until October 20, 2011 to file a proposed amended complaint that gives defendant proper notice of plaintiff's claims. If plaintiff fails to respond by that date, the clerk of court is directed to close this case.

Entered this 7th day of October, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge